IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUDE SHELTON                                                           PLAINTIFF

      v.                             CIVIL NO. 06-6019

LINDA S. MCMAHON,[1] Commissioner
Social Security Administration                                  DEFENDANT

## ORDER

Plaintiff, Jude Shelton, appealed the Commissioner's denial of benefits to this court. On August 15, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 12). Plaintiff now moves for an award of $2480.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 16.0[2] hours of work before the court at an hourly rate of $155.00. (Doc. # 13). Defendant has filed a response, expressing no objection to an award of attorney fees. (Doc. # 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] We note that counsel made a calculation error concerning the total number of work hours. Based on the itemization of time presented to the court, counsel actually performed only 14.60 hours of work. (Doc. 14).

Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also, Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

2

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff requests attorney's fees under the EAJA at a rate of $155.00 an hour. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such

as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel did attach a summary of the Consumer Price Index or present evidence of an increase in the cost of living.

The Commissioner has not raised an objection to the hourly rate of $155.00 requested for the attorney hours. We note, however, that an award based upon an hourly rate of $150.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir. 1990). Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $150.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 2.20 hours of attorney work performed between April 11, 2006, and May 2, 2006. The Complaint was not filed in this court until May 2, 2006. (Doc. # 1). We note that time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours and deduct .20 hour from counsel's total number of compensable hours.

4

Plaintiff's counsel also seeks a total of 2.45 hours of compensation for the following tasks: .30 hour for reviewing and returning the signed consent forms and dictating a letter, .15 hour for reviewing the order of reference signed by the judge, and 2.00 hours for preparing the EAJA pleadings. We find the time requested to be excessive and deduct a total of .75 hours.

We also find that the attorney hours submitted on June 13, 2006 (reviewing order on brief length, pulling file and checking answer date, and reviewing briefing schedule) could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, these hours are not compensable under the EAJA. As such, .30 hours must be deducted from the total compensable time sought by counsel.

Based on the above, we find that plaintiff's counsel is entitled to attorney fees under the EAJA for 13.35 (14.6-1.25) attorney hours at an hourly rate of $150.00 per hour for a total attorney's fee award of $2002.50. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 9th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE